(52 South. 666.)

No. 18,219.

LEWIS et al. v. McLELLAN DOCK CO.

(June 6, 1910.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 635*)—DISMISSAL.

Where the state asserts a claim for taxes, with privilege over the seizing creditor, on the proceeds of property sold by the sheriff, such claim being for less than $2,000, and the transcript of appeal fails to identify the property sold with that upon which the taxes are claimed, fails to show that the property last mentioned is not still in the possession of the tax debtor, and fails to disclose any contestation with regard to the constitutionality or legality of the tax, the appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2776–2782; Dec. Dig. § 635.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by J. S. Lewis and others against the McLellan Dock Company. The sheriff having seized and sold defendant's property, plaintiffs took rules praying that the State Tax Collector and the City of New Orleans be ordered to show cause why it should not be decreed that the state and city had no claims on the proceeds of the sale for taxes. There was a judgment making absolute the rules, and decreeing that the state and city had no claim for taxes, and the State Tax Collector appeals. Dismissed.

Harry P. Sneed, for appellant. Dinkelspiel, Hart & Davey and M. S. Mahoney, for appellees.

### Statement of the Case.

MONROE, J. The record in this case shows that on November 22, 1909, plaintiff took two rules, alleging in the one that the state tax collector had notified the sheriff of a claim for state taxes, for 1908 and 1909, "on the property herein sold"; in the other that the city of New Orleans had served a similar notice with respect to a claim for taxes of 1909; further alleging "that said property owes no taxes," and that the claims are "on other property, and therefore there is no privilege ranking that of plaintiff"; and praying that the state tax collector and the city of New Orleans be ordered to show cause why it should not be decreed "that the state and city have no claims on the proceeds of sale herein, for taxes."

Answers were filed on behalf of both the state and the city, and the rules were tried and submitted on December 10, 1909. On

February 11, 1910, counsel for the state tax collector filed a rule alleging that the sheriff "has seized * * * all the property of the defendant, McLellan Dock Company; * * * that said company is indebted unto mover for taxes, penalties, and attorney's fees, for the year 1908, in the sum of $189.26," and praying that he be ordered to show cause why said amount should not be paid. To which rule plaintiffs pleaded a general denial.

On March 7, 1910, there was judgment, making absolute the two rules taken by plaintiffs, and decreeing that the state and city have no claim against the fund in the hands of the sheriff. Counsel for the state tax collector has appealed. In lieu of the usual certificate by the clerk as to the completeness of the transcript, we find the following:

"Agreement as to Making of Transcript.

*      *      *      *      *      *      *

"It is agreed between counsel for appellant and appellees herein that the transcript of appeal in this case shall consist of only the following documents:

"(1) Rules herein taken by each party and answers thereto.

"(2) Copies of assessment rolls herein filed, same to go up in the originals.

"(3) Tax bills herein filed, same to go up in the originals.

"(4) Note of evidence.

"(5) Judgment of the civil district court on said rules."

And then follow the signatures of the counsel.

It does not appear from the note of evidence that any offer was made on behalf of the state, and nothing was offered on behalf of plaintiffs in the rules, except "a document, which the sheriff received from the state tax collector, marked 'A,'" which is not among those included in the transcript. We find in the record a copy of the assessment roll for the "Thirteenth assessment district, Fifth municipal district," for the year 1909, upon which the McLellan Dock Company appears to be assessed, for that year (under the caption "Cash Value of Stock, or Interest, in all Steamboats, Steamships, Ships, and All Other Craft, in or out of the State"), on iron sectional dock, $7,500; and on marine dock, $15,000.

We also find two bills against the McLellan Dock Company for state taxes—one, of $51.65, for the tax of 1908, on marine dry dock; and the other, for $189.26, for the tax of 1909, on iron sectional dock and marine dock.

## Opinion.

Counsel for appellant says that the jurisdiction of this court is invoked under that clause of article 85 of the Constitution which confers jurisdiction "in all cases in which the constitutionality or the legality of any tax * * * shall be in contestation," etc., but we are unable to discover, from the transcript, that any such contestation is here presented. The allegations of the rules that have been made absolute are "that said property" (that is to say, the property sold by the sheriff, and on the proceeds of which the state appears to be claiming a privilege) "owes no taxes," and "that the claim of the state is on other property" (that is to say, on property other than that the proceeds of which are in controversy); and it nowhere appears that the property which the sheriff sold, and the proceeds of which he is holding, was an iron sectional dock, or a marine dry dock, nor does it appear that the property seized by the sheriff, whatever it may have been, was all the property that the company owned. For aught that does appear, the iron sectional dock and the marine dock may be still in the possession of the company.

The jurisdiction invoked is not, therefore, disclosed, and the appeal is accordingly dismissed.